**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WONDER WILLIAMS,

Plaintiff,

9:20-cv-1417 (BKS/TWD)

v.

JAMES O'GORMAN, JOHN COLVIN, and
MATTHEW THOMS,

Defendants.

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**JURY INSTRUCTIONS**

1

Table of Contents

I.   INTRODUCTION ............................................................................................... 3

   A.   Role of the Court ........................................................................................ 3

   B.   Role of the Jury .......................................................................................... 4

   C.   Role of the Attorneys ................................................................................. 5

II.   NATURE OF EVIDENCE ............................................................................... 6

   A.   Testimony and Exhibits .............................................................................. 6

   B.   Direct and Circumstantial Evidence .......................................................... 7

   C.   Reasonable Inferences ................................................................................ 9

III.   EVALUATION OF EVIDENCE ..................................................................... 9

   A.   Credibility of Witnesses ............................................................................. 9

   B.   Expert Witnesses ........................................................................................11

   C.   Deposition ................................................................................................. 12

   D.   All Available Evidence Need Not Be Produced ....................................... 12

   E.   State Not a Defendant ............................................................................... 12

IV.   BURDEN OF PROOF ..................................................................................... 13

   A.   Preponderance of Evidence ....................................................................... 13

V.   SUBSTANTIVE LAW .................................................................................... 14

   A.   Introduction ............................................................................................... 14

   B.   Section 1983 Cause of Action ................................................................... 15

      1.   The Statute – 42 U.S.C. § 1983 ............................................................ 15

      2.   Elements of a Section 1983 Cause of Action ........................................ 15

VI.   DAMAGES ...................................................................................................... 19

   A.   Multiple Defendants .................................................................................. 20

   B.   Compensatory Damages ............................................................................ 20

   C.   Nominal Damages ..................................................................................... 21

   D.   Punitive Damages ...................................................................................... 22

VII.   GENERAL RULES GOVERNING DELIBERATIONS AND VERDICT ...... 24

## I.    INTRODUCTION

Ladies and gentlemen, on behalf of the Court, the attorneys, and the parties, we all thank you for serving as jurors in this case.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.

I ask you to give me that same careful attention as I instruct you on the law. I will give you a copy of these instructions to use in the jury room. If you have a legal question about these instructions or about something the instructions do not address, you must ask me for a further explanation.

### A.    Role of the Court

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## B.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the attorneys have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

You are to perform the duty of finding the facts without bias or prejudice to any party.

## C.    Role of the Attorneys

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

## II.   NATURE OF EVIDENCE

## A.   Testimony and Exhibits

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

So, for example, if a witness was asked "When did you stop binge drinking?" you would not be permitted to consider as true the assumed fact that the witness had engaged in binge drinking, unless the witness indicated he or she had engaged in binge drinking, or unless there was some other evidence in the record that the witness had engaged in binge drinking.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. You may not consider any answer that I directed you to disregard or that I directed struck from the record.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**B.    Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses— something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## C.      Reasonable Inferences

In their closing arguments, the attorneys may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

## III.    EVALUATION OF EVIDENCE

## A.      Credibility of Witnesses

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

The fact that some testimony was by video, as opposed to in-person, should not be a factor in your deliberations. You should give video testimony and in-person testimony equal consideration.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony. The testimony of a former DOCCS official should be considered using these same principles.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party

as well as any interest the witness has in the outcome of the case. You should

consider the opportunity the witness had to see, hear, and know the things about

which he or she testified, the accuracy of the witness's memory, the witness's

candor or lack of candor, the witness's intelligence, the reasonableness and

probability of the witness's testimony, its consistency or lack of consistency, and

its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a

witness up in light of his or her demeanor, the explanations given, and all of the

other evidence in the case. Always remember that you should use your common

sense, your good judgment, and your own life experience.

**B.    Expert Witnesses**

In this case, I have permitted certain witnesses to express their opinions

about matters that are in issue. A witness may be permitted to testify to an opinion

on those matters about which he or she has special knowledge, skill, experience,

and training. Such testimony is presented to you on the theory that someone who is

experienced and knowledgeable in the field can assist you in understanding the

evidence or in reaching an independent decision on the facts. In weighing this

opinion testimony, you may consider the witness's qualifications, his or her

opinions, the reasons for testifying, as well as all of the other considerations that

ordinarily apply when you are deciding whether or not to believe a witness's

testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

**C.      Deposition**

The attorneys have referred to a deposition. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery process.

**D.      All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

**E.      State Not a Defendant**

During your deliberations you must bear in mind that the State of New York and the New York State Department of Corrections and Community Supervision are not defendants in this case. This is a suit against individual defendants. You are

only to consider the potential liability of the Defendants solely on the basis of the evidence that has been presented in this case.

## IV.    BURDEN OF PROOF

### A.    Preponderance of Evidence

As the Plaintiff in this action, Mr. Williams must establish by a preponderance of the credible evidence that his Section 1983 claims, and the elements that comprise those claims, are true. If you conclude that he has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally as probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the

burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

## V.    SUBSTANTIVE LAW

## A.    Introduction

In this case, Plaintiff Williams brings a cause of action against Defendants O'Gorman, Colvin, and Thoms alleging that they violated his Eighth Amendment rights based on the conditions of Plaintiff's confinement, and brings a cause of action against Defendant O'Gorman alleging that he violated Plaintiff's Eighth Amendment rights by subjecting Plaintiff to confinement in Administrative Segregation longer than was penologically justified. A cause of action is a legal theory by which a plaintiff asserts that, if the facts are as he claims them to be, a defendant is liable to him under the law.

**B.    Section 1983 Cause of Action**

### 1.  The Statute – 42 U.S.C. § 1983

The Plaintiff brings his causes of action under federal civil rights law,

Section 1983 of Title 42 of the United States Code, which provides a remedy for

individuals who have been deprived of their constitutional rights under color of

state law. Section 1983, as it applies to this case, states:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage of any state . . . subjects or
> causes to be subjected, any citizen of the United States . . .
> to the deprivation of any rights, privileges or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured in an action at law.

I will refer to this statute simply as "Section 1983."

### 2.  Elements of a Section 1983 Cause of Action

To establish a cause of action under Section 1983, the Plaintiff must

establish, by a preponderance of the evidence, each of the following three (3)

elements:

> First, that the conduct complained of was committed by the defendant
>
> while acting under color of state law;
>
> Second, that the defendant's conduct deprived the plaintiff of rights,
>
> privileges or immunities secured by the Constitution or laws of the
>
> United States; and

Third, that the defendant's acts or omissions were the proximate cause of the injuries and consequent damages sustained by the Plaintiff.

I will now examine each of these three elements.

### a. First Element: Acting Under Color of State Law

In this case, there is no dispute that the Defendants were acting under color of state law. Thus, the first element of the Plaintiff's Section 1983 cause of action has been satisfied, and you need not be concerned with it.

### b. Second Element: Deprivation of Constitutional Right

The second element of the Plaintiff's claim is that the Defendant, in committing the acts complained of, intentionally or recklessly deprived the Plaintiff of a constitutional right. In order for the Plaintiff to establish this second element, he must show that those acts or omissions that you have found that the Defendant took under color of state law caused the Plaintiff to suffer the loss of a constitutional right, and that the Defendant performed those acts intentionally or recklessly, rather than accidentally.

### i. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. Although the Constitution does not require comfortable prison conditions, the conditions of confinement may not involve the wanton and unnecessary infliction of pain. Plaintiff claims that Defendants O'Gorman, Colvin, and Thoms subjected Plaintiff to cruel and unusual punishment in Administrative Segregation a status within the Special Housing Unit, which the Plaintiff has referred to as solitary confinement.

### (a)    Conditions of Confinement

A plaintiff asserting an Eighth Amendment claim related to the conditions of his confinement must satisfy both objective and subjective tests. To satisfy the objective test, a plaintiff must demonstrate that the conditions of his confinement resulted in unquestioned and serious deprivations of basic human needs such that the conditions posed an unreasonable risk of serious damage to his health. Generally the typical conditions in Administrative Segregation or the Special Housing Unit are not sufficient to meet this standard. You may consider the duration of time in Administrative Segregation in assessing the conditions.

To satisfy the subjective test, a plaintiff must demonstrate that the defendants imposed the conditions with deliberate indifference, meaning that the defendant knew of, and disregarded, an excessive risk to the Plaintiff's health or safety. Mere negligence is not sufficient. Evidence that a risk was obvious or

otherwise must have been known to a defendant may be sufficient to conclude that a defendant was actually aware of the risk.

A defendant is not liable simply because he is a supervisor. A plaintiff must prove that each Defendant, through his own individual actions or omissions, acted with deliberate indifference and violated the Constitution. A supervisory official may only be liable for failing to cure a constitutional violation after learning about it if it was ongoing and the supervisor had a reasonable opportunity to prevent future violations.

### (b)    Lack of Penological Justification

Plaintiff also claims that Defendant O'Gorman subjected Plaintiff to confinement in Ad Seg for over seven years, longer than was penologically justified, in violation of Plaintiff's right to be free from cruel and unusual punishment.  For this claim, Plaintiff must also satisfy an objective and a subjective test. To demonstrate the objective element, Plaintiff must show that the length of time he was in Ad Seg resulted in unquestioned and serious deprivations of basic human needs such that the conditions posed an unreasonable risk of serious damage to his health.

To satisfy the subjective test, Plaintiff must demonstrate that Defendant O'Gorman acted with deliberate indifference, meaning that he knew of, and disregarded, an excessive risk to Plaintiff's health or safety. In determining whether

Defendant O'Gorman acted with deliberate indifference you may consider whether he had a legitimate penological justification for his acts or omissions. You may consider whether he meaningfully reviewed Plaintiff's placement in Administrative Segregation. In assessing this you may consider whether Defendant O'Gorman actually evaluated whether Plaintiff's continued Ad Seg confinement was justified; whether Defendant O'Gorman evaluated if the justification for Ad Seg existed at the time of the review or would exist in the future, whether he considered new relevant evidence as it became available; and whether he maintained institutional safety and security as his guiding principles throughout the Plaintiff's time in Ad Seg.

### c. Third Element: Proximate Cause

The third element which the Plaintiff must prove to establish his Section 1983 cause of action is that the Defendant's actions or omissions were a proximate cause of injuries sustained by the Plaintiff. An action is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendant's actions or omissions.

## VI.    DAMAGES

I will now instruct you on the law of damages. I caution you, however, that my doing so does not mean that I have any opinion on whether or not the Plaintiff has satisfied his burden of proof and that the Defendants are liable. Only if you

find that the Plaintiff proved his claim against one or more of the Defendants should you consider damages.

Broadly speaking, there are three kinds of damages you may consider: compensatory damages, nominal damages, and punitive damages.

## A.    Multiple Defendants

I have two cautionary instructions before I define the types of damages you may award if you find that the Plaintiff has proved liability according to the standards I have enumerated.

First, although there are three individual Defendants in this case, it does not follow that if one is liable, the others are liable as well. Each Defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to any other Defendant.

Second, you should only consider the actions of the named Defendants in this case.

## B.    Compensatory Damages

If the Plaintiff has proved his claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of one or more of the Defendants' actions or omissions.

You may, however, only award compensatory damages for mental and emotional injuries if you first find that Plaintiff has proved that he suffered a *physical* injury that is more than de minimis. If you find that Plaintiff has proven his cause of action against a Defendant and you find that Plaintiff has proven that he suffered a physical injury that is more than de minimis, then he is entitled to compensatory damages for any injury you believe he actually sustained as a proximate result of one or more of the Defendants' actions or omissions. This may include damages for physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

You shall award damages only for those injuries that you find that the Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by the Plaintiff—you must award damages only for those injuries that are a proximate result of conduct by a Defendant that violated a constitutional right. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

## C. Nominal Damages

If you return a verdict for Plaintiff but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidencing that liability has

been proved. However, if you find that one or more of the Defendants violated the Eighth Amendment and this caused a physical injury to the Plaintiff that was greater than de minimis, then you may not award nominal damages. In that event you must award compensatory damages in an amount that is fair compensation for the Plaintiff's damages, as I have just instructed you.

**D.    Punitive Damages**

Whether or not you award the Plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent the defendant and others like him from committing such conduct in the future.

You may award the Plaintiff punitive damages if you find that the acts or omissions of the Defendant were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done with a reckless or callous disregard for the rights of the injured person. The Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant acted maliciously or wantonly with regard to the Plaintiff's rights.

If you find by a preponderance of the evidence that the Defendant acted with malicious intent to violate the Plaintiff's constitutional rights or unlawfully injure

him, or if you find that the Defendant acted with a callous or reckless disregard of the Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent the Defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts or omissions similar to those a Defendant may have committed. If you find that punitive damages should be awarded against one or more of the Defendants, there will be a separate hearing to consider punitive damages.

## VII.  GENERAL RULES GOVERNING DELIBERATIONS AND VERDICT

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. After the attorneys have given their closing arguments, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson. Keep in mind, however, that the Foreperson's vote is entitled to no more weight than any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

Your verdict must represent the considered judgment of each juror. Each of you must decide the case for yourself, but it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violating your individual judgment and conscience.

There is nothing peculiarly different in the way a jury should consider the evidence in a civil case from that in which all reasonable persons treat any question that depends on evaluation of evidence presented to them. You are expected to use your good sense, to consider the evidence in the case only for the purposes for which it has been admitted, and to give this evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you or my instructions further explained. I caution you, however, that the read-back of testimony may take some time and effort. You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Remember also that juror notes are to be used only by the juror who took them, and the fact that a juror elected to do so entitles his or her vote to no greater weight.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The Foreperson should sign the note and pass it on to the Court Security Officer who will bring it to my attention. I will then respond either in writing or orally by having you returned to the

courtroom. In any communications with the Court, you must never state your numerical division over an issue, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website such as Google, Facebook, Instagram, YouTube, Twitter, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Verdict forms have been prepared for you. After you select a Foreperson, you should review them. Once you have reached a unanimous verdict, your Foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that a verdict has been reached. There may be a few additional questions that we will need to give you.

**END OF CHARGE**